No. ——
First Circuit Appeal

### ROBERT PRATHER v. A. MARX & SON

(Dec. 30, 1924, Opinion and Decree.)
(March 3, 1925, Rehearing Granted.)
(May 15, 1925, Opinion and Decree.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Evidence—Par. 215, 252.**
Parol evidence is not admissible to create though it is admissible under proper allegations to destroy a title.

Appeal from the Parish of St. Landry, Hon. B. H. Pavy, Judge.

This is a suit to recover rent. The defense is that plaintiff's title is a sham. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Dubuisson, Perrault & Burleigh, of Opelousas, attorneys for plaintiff and appellee.

Gilbert L. Dupre, of Opelousas, attorney for defendant and appellant.

LECHE, J. Plaintiff in this action seeks to recover rent for the use and occupancy

of a building situated near the town or village of Washington in the parish of St. Landry, from July 24, 1920, to October 24, 1923, at the rate of $25.00 per month. Defendants being residents of the City of New Orleans, he only prays for a judgment in rem.

Defendants do not dispute that they entered into a contract of lease, but in their answer, they allege in substance that on March 18, 1920, the property was ostensibly transferred from their lessors, Dupre & Mouret, to plaintiff, when in reality the acquisition then made by plaintiff, was for J. Franklin Schell. That thereafter plaintiff conveyed said property to the real purchaser, J. Franklin Schell under date of March 27, 1920, and that Schell had agreed to let defendants have the use of said building free of rent up to July 1, 1922. That plaintiff's title is a simulation and a sham and that he is therefore not entitled to the rent claimed in this suit.

The judgment appealed was in favor of plaintiff, as prayed for.

The lease under which defendants occupied the property was from Dupre & Mouret, who were owners at that time, and began on July 24, 1919. It was stipulated that in part consideration of a sale from defendants, they would be absolved from the payments of rent up to July 24, 1920, when the rent would be $25.00 per month. Prather bought the property on March 18, 1920, affected with the lease in favor of defendants and his claim for rent is based upon the contract as entered into between defendants, as lessees, and Dupre & Mouret, as lessors. Defendants remained in the occupancy of the property and their only defense against plaintiff is as before recited:

1. That plaintiff's title is simulated and that he was merely an interposed party for J. Franklin Schell, the real purchaser, and

2. That plaintiff sold to Schell on March 27, 1920, and that Schell has released defendants from the payment of rent. Pretermitting the utter inconsistency between these two defendants, it appears that on the trial of the case, defendants offered parol evidence to show that the acquisition by plaintiff on March 18, 1920, was a sham and was for the benefit of Schell. That evidence should not have been admitted and plaintiff's objection should have been maintained. Parol evidence is not admissible to create, though it is admissible under proper allegations, to destroy a title. This doctrine was lately affirmed in Walton vs. Walton, 156 La. 611, 100 South. 786, on rehearing, where many authorities are cited.

The alleged sale from plaintiff to Schell is said to have been evidenced by an authentic act of sale before Gus. E. Dupre, Notary Public, on March 27, 1920. The act was not offered or produced in evidence. An attempt was made to prove its loss, by hearsay testimony, but clearly such testimony was inadmissible and plaintiff's objection thereto, should have been sustained. The testimony offered by defendants over the objection of plaintiff, to prove the contents of the alleged lost act of sale, and which we may say fails to show a completed sale, was therefore also inadmissible under the circumstances.

We believe that plaintiff has made out his case, that defendants have failed to establish a legal defense, and that the judgment of the District Court should be affirmed and

It is so ordered.